UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GOLDIE MAE JACK | : | DOCKET NO. 10-CV-1730 |
| VS. | : | JUDGE MINALDI |
| RONALD DOUCET | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECCOMENDATION

On November 16, 2010, plaintiff Goldie Mae Jack filed this complaint against the above named defendant, alleging federal question jurisdiction pursuant to a civil rights violation. Doc. 1, att. 1. This matter is before the court on plaintiff's motion to proceed *in forma pauperis* [doc. 2] and plaintiff's motion for the appointment of counsel. Doc. 3. For the following reasons, it is **RECCOMENDED** that plaintiff's motions be **DENIED**, and that this case be **DISMISSED** for lack of subject-matter jurisdiction.

### Facts

From what can be gleamed from the plaintiff's complaint, Ms. Jack complains of Mr. Doucet's failure to return a $250 rental deposit. Doc. 1. The reason for Mr. Doucet's failure to return the deposit appears to be damage caused to the house while Ms. Jack was leasing the property. *Id.* Ms. Jack contends that it was Mr. Doucet's duty as a landlord to repair a leaky water pipe, and that it was that leaky pipe which caused the damage to the property. *Id.* Therefore, Ms. Jack claims that she is entitled to a full return of her rental deposit. *Id.* Further, Ms. Jack contends that, due to Mr. Doucet's failure to repair the leaky water pipe as required by

law, damage was caused to a pair of her shoes and a boot. *Id.*

Apparently, Ms. Jack's problems continued when she moved out of the property. Although it is not entirely clear from the complaint, Ms. Jack seems to contend that Mr. Doucet failed to take the gas and water accounts associated with the rental property out of her name. *Id.* This caused Ms. Jack to lose her deposits with those accounts as well. *Id.*

## Law and Analysis

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Subject matter jurisdiction may not be waived, and the district court shall dismiss the action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. It is the duty of the district court, at any level of the proceeding, to dismiss plaintiff's action *sua sponte* for failure of federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss. 2 Moore's Federal Practice, § 12.30 (Matthew Bender 3d ed.), *Howard v. Lemmons*, 547 F.2d 290, n.1 (5th Cir. 1977).

Plaintiff's complaint fails to provide any basis for federal subject-matter jurisdiction. Although the cover sheet alleges jurisdiction under 28 USC § 1331, this is clearly not the case. *See* doc. 1, att. 1. Plaintiff has chosen to pursue a state court cause of action against a non-diverse defendant. This Court has no authority to render judgment in this matter and must therefore dismiss for lack of subject matter jurisdiction.

## Conclusion

Upon examination of the complaint and the record as a whole, this court has determined

that it does not have subject-matter jurisdiction over plaintiff's claim and must therefore dismiss the action *sua sponte*. For the reasons stated herein, it is **RECCOMENDED** that Plaintiff's motion to proceed *in forma pauperis* [doc. 2] and plaintiff's motion for the appointment of counsel [doc. 3] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of subject-matter jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, on December 14, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE